**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JING LI; DIANBO ZHOU,<br><br>Petitioners,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 15-72799<br><br>Agency Nos. A206-038-593<br>A206-038-594<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 17, 2019
Seattle, Washington

Before: HAWKINS and W. FLETCHER, Circuit Judges, and BURY,**
District Judge.

An immigration judge ("IJ") ordered Jing Li and Dianbo Zhou, natives and

citizens of China, removed and rejected Li's application for asylum and withholding

of removal. After the Board of Immigration Appeals ("BIA") dismissed the

petitioners' appeal, they filed this petition for review. We have jurisdiction under 8

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David C. Bury, United States District Judge for the
District of Arizona, sitting by designation.

U.S.C. § 1252, and reviewing the factual findings underlying the agency's denial of asylum and withholding of removal for substantial evidence, *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013), we deny the petition for review.

Substantial evidence supports the agency's determination that Li failed to demonstrate a well-founded fear of persecution under either a pattern or practice or disfavored group analysis. *See Halim v. Holder*, 590 F.3d 971, 977–79 (9th Cir. 2009). Contrary to Li's contention, the record does not suggest that the agency failed to consider her arguments or the evidence presented. Indeed, the BIA explained that Li failed to make the requisite showing of a well-founded fear even considering her testimony that she wishes to serve as a church leader. The BIA also "agreed" with the IJ's analysis regarding the level of persecution of Christians, who are not affiliated with the government sanctioned church. The IJ's analysis included an express recognition that the number of reported incidents of persecution "represents a floor, not a ceiling of the actual total number." *See Del Cid Marroquin v. Lynch*, 823 F.3d 933, 936–37 (9th Cir. 2016) (court may look to IJ's decision "as a guide to what lay behind the BIA's conclusion" if the BIA expresses its agreement with the IJ's reasoning (citation omitted)). Li has failed to identify record evidence that compels a conclusion contrary to that of the agency. *See Halim*, 590 F.3d at 977–79.

15-72799

Because substantial evidence supports the denial of asylum, substantial evidence necessarily supports the agency's denial of withholding of removal as well. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004) (applicant who fails to show well-founded fear of future persecution under asylum standard "necessarily fails to satisfy the more stringent standard for withholding of removal").

**PETITION FOR REVIEW DENIED.**